```
                UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF IOWA
                       WESTERN DIVISION
```

IN RE:

MARIA DEL CARMEN MORALES                            Chapter 7

    Debtor.                                  Bankruptcy No. 09-00287S


                        RULING RE:
         DEBTOR'S MOTION FOR RELIEF FROM STAY

    Debtor Maria Morales moves for relief from the automatic stay so that she may pursue an appeal pending before the Iowa Supreme Court. The appeal is from a final judgment entered against Morales in favor of GE Money Bank. Final hearing on Morales's motion was held March 12, 2009 by telephone. William J. Niebel appeared as attorney for Morales. Kevin Abbott appeared as attorney for GE Money Bank (hereinafter "GE").

    This court has jurisdiction over Morales's case and this contested matter proceeding pursuant to 28 U.S.C. § 1334(a) and the District Court's order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

    The facts are straightforward and not in dispute. GE brought a small claims suit against Morales in Woodbury County (Small Claim No. SCCV114213). On November 1, 2007, GE recovered a money judgment against her. Morales appealed; the Woodbury County District Court affirmed. The Iowa Supreme Court has granted Morales's application for discretionary review. See Iowa Code § 631.16; Iowa R. App. P. 6.3, 6.201 and 6.203. The appeal

is identified as Iowa Sup.Ct. No. 08-0427.

Morales asserts, and GE does not dispute that:

> [t]he primary issues are: (a) whether a small claims plaintiff in Iowa can obtain a judgment without presenting any admissible evidence at the final trial, where the defendant denies the debt and appears to defend, and (b) how the Iowa Rules of Evidence apply in such small claims cases.

Motion for Relief (doc. 6, ¶ 3). The appeal is set for non-oral submission on April 28, 2009.

The automatic stay of 11 U.S.C. § 362(a) applies to the "commencement or continuation ... of a judicial ... proceeding against the debtor." 11 U.S.C. § 362(a)(1). Our circuit is among the majority of circuits that have decided that "an appeal brought by a debtor from a judgment obtained against it as a defendant is subject to the automatic stay." Farley v. Henson, 2 F.3d 273, 275 (8th Cir. 1993).

The debtor, as a party-in-interest in her case, may seek relief from the stay pursuant to 11 U.S.C. § 362(d). Relief must be for cause. 11 U.S.C. § 362(d)(1). Morales bears the initial burden of showing cause for relief, but once carried, the party opposing relief has the ultimate burden of showing that cause does not exist. 11 U.S.C. § 362(g); see In re George, 315 B.R. 624, 628 (Bankr. S.D. Ga. 2004).

Morales has made a *prima facie* showing of cause. Her attorney asserts that one favorable outcome in the case could be reversal of the lower courts' decisions and remand for new trial

as to whether GE has a valid claim against the debtor or her bankruptcy estate.  Or, the attorney contends, another outcome of the appeal may be reversal and entry of judgment in Morales's favor.  The latter outcome would reduce claims against the estate if assets are available for distribution.  At present, Morales does not lack a pecuniary interest in the outcome because a "no asset" report has not been filed, and because the time for objection to Morales's discharge has not expired nor has the time for seeking exception to discharge of any debt owed to GE.

     GE contends that cause does not exist because Morales no longer has a right to pursue the appeal.  It argues that when Morales filed her chapter 7 petition, her appeal rights became property of the bankruptcy estate.  GE stated in its objection to Morales's motion that it had reached agreement with the bankruptcy trustee to purchase the appeal rights from the estate, and that the trustee would be filing a motion seeking approval of the sale.

     The trustee has instead filed a motion to compromise (doc. 14).

     The motion states that:

> [t]he Trustee has received an offer of $1,500.00 to settle any claims that the debtor may have against GE Money Bank as a result of the judgment being entered against the debtor.

(Doc. 14, March 25, 2009.)  The trustee filed no objection to Morales's motion for relief from stay.

By his motion, the trustee is treating as an asset of the estate any claim Morales may have had against GE when she filed her bankruptcy petition.  The trustee has not identified the nature of "any claim."

In the pending motion for relief from stay, GE identifies the estate's property as Morales's appeal rights.  The issue is raised by GE in its effort to prevent Morales from obtaining relief to pursue the appeal against it.  GE has the burden of proving that the appeal rights are property of the estate.  The Bankruptcy Code defines property of the estate in broad terms.  With some exceptions, it comprises "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  As one treatise has said:

> Paragraph (1) is broad.  It includes all kinds of property, including both tangible and intangible property, causes of action, and all other forms of property.

5 Collier on Bankruptcy ¶ 541.04 (15th ed. rev. 2009).  "The nature and extent of the debtor's interest in property are determined by state law."  N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis (In re N.S. Garrott & Sons), 772 F.2d 462, 466 (8th Cir. 1985).  "However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate."  Id.

Under Iowa law,

[t]he term "property" is said to be *nomen*

> *generalissimum* and to include everything which is the
> subject of ownership, corporeal or incorporeal,
> tangible or intangible, visible or invisible, real or
> personal; everything that has an exchangeable value, or
> which goes to make up one's wealth or estate.

<u>Wapsie Power & Light Co. v. City of Tipton</u>, 197 Iowa 996, 193 N.W. 643, 645, (1923).  Iowa law provides that in construing the state's statutes, "[t]he words 'personal property' include money, goods, chattels, evidences of debt, and things in action."  Iowa Code § 4.1(21).  A "chose in action" and a "thing in action" are the same, as "chose" is a French word meaning "thing."  Bryan Garner, <u>A Dictionary of Modern Legal Usage</u> 153 (2d ed. 1995).

> Traditionally, *choses* are of two kinds.  *Choses in
> possession* are tangible goods capable of being actually
> possessed and enjoyed ...; *choses in action* are rights
> that can be enforced by legal action (e.g., debts or
> causes of action in tort).

<u>Id.</u>; <u>see also</u> <u>Black's Law Dictionary</u> 258 (8th ed. 2004).  Iowa execution law provides that "[j]udgments, money, bank bills and other things in action may be levied upon, and sold...."  Iowa Code § 626.21.

At the hearing on Morales's motion, GE likened Morales's appeal to a chose in action.  It contends that her appeal rights may be alienated separately from her underlying obligation on the judgment debt to GE.  GE argues that because of the importance of the case and the potential ramifications to Iowa creditors, they would be willing to pay for such appeal rights.  Indeed, GE is willing to buy the rights from the trustee in order to dismiss

the appeal. GE says that the appeal rights are an asset separate from the underlying obligation of Morales to GE, and that her judgment debt would ultimately be discharged in her bankruptcy case.

I disagree with GE's contention that the appellate rights of a defendant, separate from the nature of the defendant's status in the trial court, constitute an asset under Iowa law. GE calls the right a "chose in action," which would be an asset under Iowa law. Citizens State Bank of Des Moines v. Hansen, 449 N.W.2d 388, 390 (Iowa 1989). However, "choses in action" and "debts" are not identical. It has been said that

> [t]he terms or phrases "choses in actions" and "debt" are used by courts to represent the same thing when viewed from opposite sides. "The chose in action is the right of the creditor to be paid, while the debt is the obligation of the debtor to pay."

Smead & Powell v. D.W. Chandler & Co., 71 Ark. 505, 76 S.W. 1066, 1068 (1903)(citing Minor on Conflict of Laws). The Bankruptcy Code makes a similar distinction. It defines a "claim" in part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5). It defines a "debt" as "liability on a claim." 11 U.S.C. § 101(12).

There is no assertion that Morales had any claim against GE when she filed her bankruptcy case. In her schedule of the

unsecured claims against her, she listed "Gemb" three times for charge account claims (doc. 1, schedule F). Her appeal seems inextricably bound to her status as a debtor-defendant in the small claim action. See Faucher v. Grass, 60 Iowa 505, 15 N.W. 302 (1883). Her appeal of the judgment against her on a debt does not make the appellate action an asset.

GE has filed a brief citing several cases in support of its theory that a defendant's right of appeal from an adverse judgment against it is an asset of the defendant's subsequent bankruptcy case. Most are inapposite. Four of the five decisions contain statements that a right to appeal a judgment is property of a party's bankruptcy estate. Two of the cited cases involved debtors who lost their claims in the trial court and who also lost on defendant's counterclaims. See Martin v. Monumental Life Ins. Co., 240 F.3d 223 (3d Cir. 2001); In re Meyerland Co., 82 B.R. 831 (Bankr. S.D. Tex. 1988). Both had appealed the adverse judgments on their claims. In the cited cases, there were no solely defensive appeals. Their appeal rights were tied to claims asserted by them. Another of the cases involved a debtor's appeal of the loss of his personal injury claim. Valenciana v. Hereford Bi-Products Mgmt., Ltd., No. 07-05-0051-CV, 2005 WL 3803144 (Tex. App. Feb. 24, 2005). The fourth case involved a bankruptcy debtor's appeal of a foreclosure decree on property owned by the debtor. The bankruptcy court stated that

7

"any causes of action or defenses of the limited partnership to a state court foreclosure action are property of the partnership's bankruptcy estate...."  The Gainesville Venture, Ltd. v. C & R Trust (In re The Gainesville Venture, Ltd.), 159 B.R. 810, 811 (Bankr. S.D. Ohio 1993).  None of these cases stand for the proposition that a defendant's appeal solely of an adverse judgment on a debt is an asset of the debtor.

   GE's fifth cited case supports its contention, Mozer v. Goldman (In re Mozer), 302 B.R. 892 (C.D. Calif. 2003).  In that case plaintiffs Mozer and her law firm filed an action against Mozer's former law partners (the "buyers").  Buyers filed a counterclaim.[1]  Judgment was entered on a jury verdict that plaintiffs take nothing on their claims and that buyers recover $500,000.00.  Mozer and her firm filed chapter 7 petitions.  Buyers offered the trustees $10,000.00 per bankruptcy estate for the debtors' appeal rights.  The bankruptcy court granted the trustees' motions to sell.  The bankruptcy debtors appealed to the district court.  The district court affirmed, ruling that debtors' defensive appellate rights, i.e., their rights to defend against the judgment on the buyers' counterclaim, were assets of the bankruptcy estates.  It did so on the basis that under California law rights created by statute, such as defensive

---

[1] The court refers to the buyers' action as a "cross-complaint."

appellate rights, are property.  The district court stated:

> The Defensive Appellate Rights arising from a judgment against the Debtor are not qualitatively different with respect to their status as property than appellate rights arising from a judgment on the Debtors' claim.

302 B.R. at 896.  The case is on point, but I disagree with the reasoning and the result.  The nature of the appellate right, in my view, does depend on the nature of the underlying judgment.  I conclude that the debtor's appeal of GE's judgment against her is not property under Iowa law.

Even if it were, I would conclude that it is not property of the estate.  After bankruptcy is filed, a debtor, if he or she has a pecuniary interest in the outcome, has a right to object to a claim.  Morales still may have such a pecuniary interest in her case.  If the trustee, by compromise or sale, can dispose of her appeal of the judgment against her by treating it as a claim against the appellee, it would effectively destroy any right to object to the claim.  No trustee has ever before attempted to sell or to compromise a debtor's right or potential right to object to a creditor's claim.  I know of no case law that would treat such a right as property of the estate.  The trustee's motion to compromise is not now before me; it may be the trustee can support the motion at the time of the hearing.  However, the trustee has not objected to Morales's motion, and I find GE's objection unpersuasive.

IT IS ORDERED that the motion of Maria Del Carmen Morales's

motion for relief from the automatic stay to permit her to continue her appeal of the judgment entered in favor of GE Money Bank is granted.  Judgment shall enter accordingly.

    DATED AND ENTERED  April 1, 2009

                                  William L. Edmonds, Bankruptcy Judge